William J. Brucker (SBN 152,551)
Shunsuke S. Sumitani (SBN 241,056)
STETINA BRUNDA GARRED & BRUCKER
75 Enterprise, Suite 250
Aliso Viejo, CA 92656
Email: wbrucker@stetinalaw.com,
ssumitani@stetinalaw.com,
litigate@stetinalaw.com
Tel: (949) 855-1246
Fax: (949) 855-6371

Attorneys for Plaintiff
Rakuten Commerce, LLC. d/b/a
Rakuten.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAKUTEN COMMERCE, LLC d/b/a RAKUTEN.COM, a Delaware Limited Liability Corporation,<br><br>    Plaintiff<br><br>vs.<br><br>SHIPPING AND TRANSIT, LLC, a Florida Limited Liability Corporation,<br><br>    Defendants | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NOS. 6,904,359; 6,952,645; 7,400,970; 6,975,998** |

## COMPLAINT

Plaintiff, Rakuten Commerce, LLC d/b/a Rakuten.com, by and through its counsel, seeks a declaratory judgment against Shipping and Transit, LLC alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 and 2202 for the purpose of determining a question of actual controversy between the parties as hereinafter more fully appears.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) (action arising under an Act of Congress relating to patents) and 28 U.S.C. § 1331 (federal question).

3. This Court has personal jurisdiction over the Defendant Shipping and Transit, LLC pursuant to the laws of the State of California, including California's long-arm statute and California Code of Civil Procedure, §410.10.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## PARTIES

5. Plaintiff Rakuten Commerce, LLC d/b/a Rakuten.com is a corporation organized and existing under the laws of the state of Delaware and having a principal place of business at 85 Enterprise, Suite 100, Aliso Viejo, California 92656 (hereinafter "Rakuten" or "Plaintiff").

6. Upon information and belief, Defendant Shipping and Transit, LLC is a limited liability company organized and existing under the laws of the state of Florida and having a principal place of business at 711 SW 24th Avenue, Boynton Beach, FL 33435 (hereinafter "Shipping and Transit" or "Defendant").

## GENERAL ALLEGATIONS

7. Rakuten is a leading electronic commerce company and internet retailer that offers customers numerous products from a variety of merchants.

8. This is in part an action for a declaratory judgment that Rakuten's services and website at www.rakuten.com does not infringe U.S. Nos. 6,904,359 (hereinafter "the '359 patent"), 6,952,645 (hereinafter "the '645 patent"), 7,400,970 (hereinafter "the '970 patent"), and 6,975,998 (hereinafter "the '998 patent"). Copies

of the '359 patent, the '645 patent, the '970 patent, and the '998 patent are attached hereto as Exhibits 1, 2, 3, and 4, respectively.

9. This is also an action for a declaratory judgment that the '359 patent, the '645 patent, the '970 patent, and the '998 patent are invalid under 35 U.S.C. §101 and one or more subsections of 35 U.S.C. §112.

10. Upon information and belief, Defendant purports to be the owner of the '359 patent, the '645 patent, the '970 patent, and the '998 patent.

11. Upon information and belief, Defendant is in the business of licensing its portfolio of patents with threats of patent litigation that are sent to a wide swath of business over letters, e-mails, and telephone calls, and following through on that threat.

12. Rakuten has not and does not infringe the '359 patent, the '645 patent, the '970 patent, or the '998 patent.

## REASONABLE APPREHENSION OF SUIT

13. Upon information and belief, by a letter dated April 2, 2015, Jason P. Dollard of the law firm Leslie Robert Evans & Associates, P.A., counsel for Defendant, sent a letter to Buy.com, Inc. d/b/a Rakuten.com a/k/a Rakuten Card USA, Inc., mis-identifying Plaintiff. The entity addressed in the letter changed its name to Rakuten Commerce, LLC d/b/a Rakuten.com by statutory conversion on or about July 31, 2014.

14. Upon information and belief, Shipping and Transit asserted that it is the owner of the entire right, title, and interest in the '359 patent, the '645 patent, the '970 patent, and the '998 patent.

15. Upon information and belief, Shipping and Transit asserted that Rakuten infringes the '359 patent, the '645 patent, the '970 patent, and the '998 patent. Upon information and belief, Shipping and Transit alleges that claims 1 and 21 of the '359 patent is infringed by "Rakuten's services..." In addition, Shipping and Transit alleges that Rakuten is "currently using/infringing…" claim 1 of the '970 patent.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

16. Upon information and belief, Shipping and Transit asserted that it has "filed and aggressively litigated patent infringement lawsuits…", and listed twenty five (25) lawsuits filed in various District Courts across the United States.

17. In its April 2, 2015 letter, Shipping and Transit demanded a license fee for a worldwide license for Shipping and Transit's patent portfolio which, upon information and belief, includes the '359 patent, the '645 patent, the '970 patent, and the '998 patent.

18. Upon information and belief, Shipping and Transit set a deadline of April 24, 2015 for Rakuten to respond, beyond which Shipping and Transit would be "left with no alternative then (*sic*) to proceed with litigation…"

19. Thus, Rakuten is informed and believes, and on that basis alleges, that Shipping and Transit contends that the '359 patent, the '645 patent, the '970 patent, and the '998 patent is purportedly valid, enforceable and infringed by Rakuten.

20. The foregoing facts and circumstances give rise to a reasonable apprehension of suit on the part of Rakuten. There is now existing an actual, justiciable controversy between the parties with respect to the validity and infringement of the ''359 patent, the '645 patent, the '970 patent, and the '998 patent. Accordingly, Rakuten is entitled to have a declaration of its rights and further relief as requested herein.

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '359 Patent)**

21. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22. Rakuten does not infringe the '359 patent, directly or indirectly, either literally or under the doctrine of equivalents.

23. Rakuten seeks a declaration that the '359 patent is not infringed by Rakuten, either directly or indirectly.

24. A judicial declaration is necessary and appropriate at this time in order

that Rakuten may ascertain its rights and duties with respect to the '359 patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '359 Patent)

25. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 24 of the Complaint as though fully set forth herein.

26. The claims of the '359 patent are invalid under the United States Patent Act, including at least 35 U.S.C. §101 and one or more subsections of 35 U.S.C. §112.

27. Rakuten seeks a declaration that the '359 patent is invalid.

28. A judicial declaration is necessary and appropriate at this time in order that Rakuten may ascertain its rights and duties with respect to the '359 patent.

## THIRD CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement of the '645 Patent)

29. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 23 as though fully set forth herein.

30. Rakuten does not infringe the '645 patent, directly or indirectly, either literally or under the doctrine of equivalents.

31. Rakuten seeks a declaration that the '645 patent is not infringed by Rakuten, either directly or indirectly.

32. A judicial declaration is necessary and appropriate at this time in order that Rakuten may ascertain its rights and duties with respect to the '645 patent.

## FOURTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '645 Patent)

33. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. The claims of the '645 patent are invalid under the United States Patent Act, including at least 35 U.S.C. §101 and one or more subsections of 35 U.S.C. §112.

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

35. Rakuten seeks a declaration that the '645 patent is invalid.

36. A judicial declaration is necessary and appropriate at this time in order that Rakuten may ascertain its rights and duties with respect to the '645 patent.

### FIFTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '970 Patent)**

37. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 36 as though fully set forth herein.

38. Rakuten does not infringe the '970 patent, directly or indirectly, either literally or under the doctrine of equivalents.

39. Rakuten seeks a declaration that the '970 patent is not infringed by Rakuten, either directly or indirectly.

40. A judicial declaration is necessary and appropriate at this time in order that Rakuten may ascertain its rights and duties with respect to the '970 patent.

### SIXTH CLAIM FOR RELIEF

**(Declaratory Judgment of Invalidity of the '970 Patent)**

41. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 40 of the Complaint as though fully set forth herein.

42. The claims of the '970 patent are invalid under the United States Patent Act, including at least 35 U.S.C. §101 and one or more subsections of 35 U.S.C. §112.

43. Rakuten seeks a declaration that the '970 patent is invalid.

44. A judicial declaration is necessary and appropriate at this time in order that Rakuten may ascertain its rights and duties with respect to the '970 patent.

### SEVENTH CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '998 Patent)**

45. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 44 as though fully set forth herein.

46. Rakuten does not infringe the '998 patent, directly or indirectly, either

1  literally or under the doctrine of equivalents, and the '998 patent is invalid.

2  47. Rakuten seeks a declaration that the '998 patent is not infringed by
3  Rakuten, either directly or indirectly.

4  48. A judicial declaration is necessary and appropriate at this time in order
5  that Rakuten may ascertain its rights and duties with respect to the '998 patent.

## EIGHTH CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of the '998 Patent)

49. Rakuten hereby incorporates by reference each and every allegation set forth in paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50. The claims of the '998 patent are invalid under the United States Patent Act, including at least 35 U.S.C. §101 and one or more subsections of 35 U.S.C. §112.

51. Rakuten seeks a declaration that the '998 patent is invalid.

52. A judicial declaration is necessary and appropriate at this time in order that Rakuten may ascertain its rights and duties with respect to the '998 patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Rakuten prays for judgment against Defendant Shipping and Transit as follows:

A. That the Court declare that the Rakuten has not and does not infringe the '359 patent, the '645 patent, the '970 patent, or the '998 patent, directly or indirectly, literally or under the doctrine of equivalents;

B. That the Court declare that all claims of the '359 patent, the '645 patent, the '970 patent, and the '998 patent are invalid;

C. That the Court deem this case to be "exceptional" within the meaning of 35 U.S.C. § 285 entitling Rakuten to an award of its reasonable attorneys' fees and expenses in this action; and

D. That the Court grant such other and further relief as the Court may deem just and proper.

Dated:  June 10, 2015                    STETINA BRUNDA GARRED & BRUCKER


By: */s/Shunsuke S. Sumitani*
    Shunsuke S. Sumitani
    William J. Brucker
    Attorneys for Plaintiff
    Rakuten Commerce, LLC d/b/a Rakuten.com

## DEMAND FOR JURY TRIAL

Plaintiff, Rakuten Commerce, LLC d/b/a Rakuten.com hereby demands a jury trial on all claims for relief.

Dated: June 10, 2015      STETINA BRUNDA GARRED & BRUCKER


By: */s/Shunsuke S. Sumitani*
 Shunsuke S. Sumitani
 William J. Brucker
 Attorneys for Plaintiff
 Rakuten Commerce, LLC d/b/a Rakuten.com

STETINA BRUNDA GARRED & BRUCKER
75 ENTERPRISE, SUITE 250
ALISO VIEJO, CALIFORNIA 92656
PHONE: (949) 855-1246; FACSIMILE: (949) 855-6371

Case No.      9
COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NOS. 6,904,359; 6,952,645; 7,400,970; 6,975,998